Benjamin B. Foster, Asst. U. S. Dist. Atty. Lucien Birdseye and Abram J. Dittenhoefer, for defendant.

Before BENEDICT, District Judge.

This was an indictment [against Samuel H. Millard], under section 3397 of the Revised Statutes, charging that the defendant "did buy, receive and have in his possession" cigars on which the tax to which they were liable had not been paid. On the trial, it was held, that the averment was divisible, and that a conviction could be had on proof of possession alone, the statute using the words "buys, receives or has in his possession."

## Case No. 15,770.

UNITED STATES v. MILLER et al.

[5 Biss. 128.] [1]

Circuit Court, N. D. Illinois.   June, 1870.

INTERNAL REVENUE — DISABLED DISTILLERY — INTENT TO DISTILL.

1. In an action on a distiller's bond, under the act of congress of July 20, 1868 [15 Stat. 125], a plea that the still blew up, of which the assessor was duly notified, whereupon he locked up and took control of the property, is a good plea as to the time the still was thus disabled.

2. If the partially manufactured material is duly turned over to the proper officers, the distiller should not be charged for spirits which he could not distill.

Action of debt on a distiller's bond, executed by defendants [John S. Miller and others], dated October 3, 1868, the bond being in the usual form, in the penal sum of $27,000, and under the act of July 20, 1868, § 20 (2 Brightly's U. S. Dig. 322; 15 Stat. 125). Averment that Miller, the distiller, from October 6th to 31st, 1868, at Sterling, distilled a large quantity of spirits subject to tax, and returned to the assessor less than 80 per cent. of the producing capacity of the still. Defendants pleaded that on a certain day the still blew up, of which fact the assessor was notified, whereupon he put a lock upon the furnace and fastened up the fermenting tubs, in which condition the establishment remained until October 28, when, the repairs being completed, business was resumed. It is averred that all the wines distilled were duly returned. The government filed a demurrer to the plea.

BLODGETT, District Judge. There must be an intent to distill, and if the distiller was so circumstanced as to preclude the idea that he intended to distill, I don't think he can be charged. The statute does not provide for the stoppage or suspension of business by a casualty. It provides for a man's bringing his business to an end by some systematic arrangement on his part, but here is the interposition of an accident which utterly prevents him from going on. The question is, what shall be done with the partially manufactured material in the distillery? It seems to me if he gives it over to the custody of the proper officers of the government, so that it clearly appears that the work of distilling was suspended, he should not be charged with duties on spirits he did not distill, and which, under the circumstances, he could not distill.

The demurrer is overruled.

## Case No. 15,771.

UNITED STATES v. MILLER.

[14 Blatchf. 93.] [1]

Circuit Court, S. D. New York.   Jan. 19, 1877.

INTERNAL REVENUE — REMOVAL FROM STOCK — FAILURE TO ENTER IN BOOK.

Spirits consigned to M. arrived, and he was notified, by the carrier, of their arrival. He surrendered his bill of lading, paid the freight, sold the spirits to a third party, and gave such party an order to receive the spirits, on which such party, the next day, received the spirits, and removed the same to his own premises. M. was indicted, under section 3318 of the Revised Statutes, for omitting to enter the spirits in his book, at the time of sending them out of his stock and possession: Held, that such removal of the spirits was a removal from the stock and possession of the defendant, within the meaning of section 3318.

This was an indictment [against Charles N. Miller] under section 3318 of the Revised Statutes, against a wholesale liquor dealer, for omitting to enter certain spirits in his book, at the time of sending them out of his stock and possession. Certain spirits consigned to the defendant, from the West, arrived in New York on March 15th, and notice of their arrival was given to the defendant by the carrier. Thereupon the defendant surrendered his bill of lading, paid the freight, and sold the spirits to a third party, sending the purchaser an order for their delivery to him. On the next day the purchaser presented the order, and received the spirits into his possession, and removed the same to his own premises.

Roger M. Sherman, Asst. Dist. Atty. Treadwell Cleveland, for defendant.

THE COURT held that the removal of the spirits, under the circumstances stated, was a removal from the stock and possession of the defendant, within the meaning of section 3318.

## Case No. 15,772.

UNITED STATES v. MILLER.

[2 Cranch, C. C. 247.] [2]

Circuit Court, District of Columbia.   Oct. Term, 1821.

WITNESS — INCRIMINATING DISCLOSURES — OPINION OF COURT.

A witness, in a criminal cause, will be compelled to answer a question which he says, up-

[1] [Reported by Josiah H Bissell, Esq., and here reprinted by permission.]

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge. and here reprinted by permission.]

[2] [Reported by Hon. William Cranch, Chief Judge.]